IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

| | | |
|---|---|---|
| ROBBY J. KILLINGSWORTH, | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | |
| | * | No. 1:18cv00015-JJV |
| NANCY A. BERRYHILL, | * | |
| Acting Commissioner of Social Security, | * | |
| | * | |
| Defendant. | * | |

**MEMORANDUM AND ORDER**

Plaintiff, Robby Killingsworth, has appealed the final decision of the Commissioner of the Social Security Administration to deny his claim for disability insurance benefits and supplemental security income. The Administrative Law Judge (ALJ) concluded Mr. Killingsworth had not been under a disability within the meaning of the Social Security Act, because jobs existed in significant numbers which he could perform despite his impairments. (Tr. 89-102.)

This review is extremely limited. A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and to analyze whether the Plaintiff was denied benefits due to a legal error. *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also*, 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

The history of the administrative proceedings and the statement of facts relevant to this decision are contained in the respective briefs and are not in serious dispute. Therefore, they will not be repeated in this opinion except as necessary. After careful review of the pleadings and evidence in the case, I find the Commissioner's decision is supported by substantial evidence and Plaintiff's Complaint should be DISMISSED.

Mr. Killingsworth was forty-eight years old at the time of the administrative hearing. (Tr. 160.) He testified he is a high school graduate. (*Id.*) He has past work as a property inspector, adjuster, and drill truck operator. (Tr. 100.)

The ALJ[1] found Mr. Killingsworth met the disability eligibility requirements to apply for disability insurance benefits. (Tr. 91.) He has not engaged in any substantial gainful activity since the alleged onset date. (*Id.*) He has severe impairments, but the ALJ found that these impairments did not meet or equal one of the listed impairments in 20 C.F.R. Part 4, Subpart P, Appendix 1.[2] (Tr. 91-93.)

The ALJ determined Mr. Killingsworth had the residual functional capacity ("RFC") to perform a reduced range of sedentary work. (Tr. 94.) Based on this RFC, the ALJ determined Mr. Killingsworth could no longer perform his past work. (Tr. 100.) He, therefore, utilized the services of a vocational expert (VE) to determine if jobs existed that Mr. Killingsworth could perform despite his impairments. (Tr. 186-192.) Based on the VE's testimony, the ALJ determined Mr.

---

[1] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

[2] 420 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

Killingsworth could perform the jobs of addresser and call out operator. (Tr. 101.) Accordingly, the ALJ determined Mr. Killingsworth is not disabled. (Tr. 102.)

The Appeals Council received additional evidence but denied Mr. Killingsworth's request for a review of the ALJ's decision. (Tr. 1-154.) Therefore, the ALJ's decision is the final decision of the Commissioner. (*Id.*) Plaintiff filed the instant Complaint initiating this appeal. (Doc. No. 2.)

In support of his Complaint, Plaintiff's sole argument is that the ALJ failed to resolve a conflict between the RFC determination and the jobs identified that Plaintiff could perform despite his limitations. (Doc. No. 15 at 12-16.) Specifically, Mr. Killingsworth argues that the jobs of addresser and call out operator require overhead reaching in excess of the ALJ's RFC determination. Plaintiff points to the U.S. Department of Labor's Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles (SCO) that was published to provide more detailed occupational data to help determining the potential for an impaired or disabled person to transfer from one occupation to another. Mr. Killingsworth also cites to *Kemp v. Colvin*, 743 F.3d 630 (8th Cir. 2014), that held the ALJ "has an affirmative responsibility to ask about 'any possible conflict' between VE evidence and the [Dictionary of Occupational Titles], and its companion publication (the SCO), on the requirements of a job or occupation before relying on VE evidence to support a determination of not disabled." (*Id.* at 633.)

The Commissioner counters and cites to the transcript whereby the VE provides his specific rationale for identifying these jobs. When analyzing jobs at the light exertional level, the VE stated, "Well, sir, with just the overhead limitations on both upper extremities, this not part of the DOT's breakdown, the DOT doesn't specify which direction, [inaudible], I fall back on the past observation and/or analysis of these jobs." (Tr. 189.) When the ALJ asked the VE to identify

3

sedentary jobs that Plaintiff could perform, the VE named addresser and call out operator and stated, "Again, this opinion is made like the last one in terms of the overhead reaching." (Tr. 190.) The ALJ then asked the VE if there were "any other inconsistencies, conflicts or differences aside from the overhead reaching between your testimony and the DOT," to which he responded, "No, sir." (*Id.*)

> In *Kemp*, the Eighth Circuit reversed because:
>
> While the ALJ gave specific directions to the VE before he testified, the record does not reflect whether the VE or the ALJ even recognized the possible conflict between the hypothetical describing a claimant who could reach overhead only occasionally, and DOT job listing # 737.687-026 indicating that a check-weigher job involved constant reaching. Further, the VE did not explain the possible conflict and the ALJ sought no such explanation.

*Kemp*, 743 F.3d at 633.

Here, the ALJ and VE both *clearly* recognized the possible conflict. As the Commissioner argues, the VE specifically stated he "[fell] back on past observation and/or analysis of these jobs." (Doc. 16 at 5.) The Commissioner correctly argues, "In other words, the vocational expert recognized and testified that, "the overhead limitations" are not outlined in the DOT, but based on his own observations and job analysis, such limitation would not impede Plaintiff's ability to perform the jobs of call out operator and addresser (Tr. 189-190.)" (*Id.* at 6.) Accordingly, I find no reversible error here.

Mr. Killingsworth's counsel has done an admirable job of advocating for Plaintiff. But it is not the task of a court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence. There is ample evidence on the record as a whole that a "reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex. Rel. Reutter v. Barnhart*, 372 F.3d 946 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.

IT IS, THEREFORE, ORDERED that the final decision of the Commissioner is affirmed, and Plaintiff's Complaint is dismissed with prejudice.

IT IS SO ORDERED this 6th day of November, 2018.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE